OPINION
On April 13, 1999, Plaintiff-Appellee, E. Dwayne Brewer, commenced this action in Miamisburg Municipal Court, seeking to evict Defendant-Appellant, Cynthia A. Salins, from premises in Miamisburg that Brewer had rented to her. Brewer also asked for money damages in the amount of $680 for both unpaid "pet rent" and physical damages to the premises caused by pet cats that Salins allegedly kept there.
The matter was referred to a magistrate. A decision was submitted by the magistrate and approved by the court May 21, 1999, restoring the premises to Brewer.
On May 28, 1999, Salins filed two pleadings. One was a motion to stay the restitution order. The other was a pleading captioned "Notice of Appeal," purporting to be an App.R. 3 notice of an appeal to this court from the magistrate's decision. An attached brief set out a number of objections to the magistrate's findings of fact. Exhibits were attached to the brief in support of Salins' objections.
The trial court, in an order entered on June 15, 1999, denied Salins' motion to stay. The court further ordered that her Notice of Appeal not be forwarded to this court, finding that the magistrate's decision was not a final order from which an appeal may be taken pursuant to R.C.2505.02. Subsequently, on June 15, 1999, the court ordered the premises restored to Brewer.
After further proceedings, the court on June 28, 1999 awarded Brewer $695, plus interests and costs of the action on his claim for money damages.
Salins filed another notice of appeal to this court on June 29, 1999. The notice identified only the trial court's restitution order of June 15, 1999, as the judgment from which the appeal was taken.
Salins has filed a brief on appeal containing fifteen assignments of error. Brewer has not a filed a brief.
Salins' assignments of error all concern the magistrate's findings concerning the lease agreement between the parties, Salins' alleged breach of that agreement, Brewer's notice ordering Salins to vacate the premises, and the restitution order the court entered. None specifically concern the money damages the court also awarded Brewer on its order of June 28, 1999. Neither was that order identified in Salins' notice of appeal as an order or judgment from which the appeal was taken.
In the civil docket statement that she filed with her notice of appeal, Salins states that her address is in Jamestown, Kentucky. Obviously, Salins no longer resides in the Miamisburg premises she was required to vacate to comply with the court's order restoring the premises to Brewer. That is a change of circumstances which renders moot any error enforcing Brewer's right of restoration against any adverse right that Salins had under their lease. Therefore, the issues presented in Salins' assignments of error are merely abstract, not questions which we must decide in order to ascertain the rights of the parties in relation to any relief which this court can offer. Courts do not consider purely moot or abstract questions. Hagerman v. Dayton (1947),147 Ohio St. 313; Walker v. Serrott (1968), 14 Ohio St.2d 54. We overrule the error Salins has assigned, on that basis.
We are concerned, however, with the trial court's order of June 15, 1999, which prevented the notice of appeal that Salins filed on May 28, 1999, from being forwarded to this court. Her appeal was from the magistrate's decision of May 21, 1999 that the trial court had approved, but not adopted.
We agree that the decision was not a final order, as the trial court had not "approved" the magistrate's decision.* Nevertheless, the trial court and its clerk were required by App.R. 10 to transmit the record to the clerk of this court. The trial court's finding that the order from which the appeal was taken was not final and appealable, whether correct or incorrect, does not relieve the court and its clerk of that duty.
The assignments of error are overruled. The judgment from which the appeal was taken will be affirmed.
BROGAN, J. and FAIN, J., concur.
* The court's June 15, 1999 Entry states that the court had "adopted" the magistrate's decision pursuant to Civ.R. 53. If so, that would have rendered the decision a final and appealable order of the court. In fact, the court merely "approved" the magistrate's decision. Mere approval triggers no consequence under Civ.R. 53, and leaves the decision merely an interlocutory order of the court through its magistrate.